## Case No. 9,412.

### The MEMPHIS.

[Blatchf. Pr. Cas. 202.] [1]

District Court, S. D. New York. Aug. 20, 1862.

#### PRIZE—APPRAISERS—LIBEL NOT FILED—NOTICE—CLAIMANT—ORDER SIGNED OUT OF DISTRICT.

1. This vessel having been sent in to the court as a prize, the court, on the application of the district attorney before libel filed, and before any appearance by any claimant, and without notice to any claimant, made an order appointing appraisers to value the prize, with the view to her being taken for the use of the government. After the libel was filed the claimant appeared in the suit, and moved to vacate the order because it was made without notice to him. *Held,* that the motion could not be granted.

2. Property captured as prize is under the control of the court from the time it is delivered to the court by the prize-master until it is finally disposed of, and the filing of a libel is not necessary to give the court cognizance of the property.

3. The fact that the order appointing appraisers was signed by the judge when out of this district is no objection to its validity.

In admiralty.

BETTS, District Judge. This vessel and cargo were captured, off Charleston harbor, July 31, 1862, and brought into this port, by a prize-master, on the 4th of August afterwards. On the 7th of August the district attorney addressed a letter to the judge, then absent from the city, and out of the district, stating that no appearance had been given in court for the prize, and, upon the usual evidence, requesting, in behalf of the government, that appraisers might be appointed to value the vessel and cargo, and that thereupon the prize might be appropriated and delivered over to the public use, on the deposit of its appraised value in the office of the assistant treasurer, subject to the judgment and direction of the court. The order was signed by the judge and remitted to the district attorney, and was filed in court on the 13th of August. By the papers filed on this motion it would appear that the order so signed was received here on the 9th of August. On the 8th of August the vessel and her fitments were libelled by the United States for condemnation as prize of war, and on the 9th of the month the claimants gave notice to the district attorney of their appearance in the suit. Upon these facts a motion is now made to vacate the above order of appraisal made in this suit, or for such other or further order as may be just. No specific order is indicated in the notice of motion, as sought for, other than one setting aside or vacating the order formerly granted, and the exception to that order would seem, on the papers, to be confined to a merely technical irregularity in the district attorney's office in not furnishing the claimants with previous notice of the application. The court would scarcely re-

[1] [Reported by Samuel Blatchford, Esq.]

gard as of sufficient force to rescind the order the circumstance that a severe strictness in the mode of procedure in obtaining it. it being substantially one of course, was not observed. No objection of substance or to the merits is now interposed, either to the qualifications or integrity of the appraisers named, or to the amount of appraisement; and the criticism that the claimants were not called in to participate in their selection would be entitled, in such case. to slight weight, connected with the consideration that it does not appear affirmatively that the claimants actually entered their appearance in the suit until after the libellants had obtained the ratification of the appraisers proposed. It is not supposed that any court would be prone to reverse proceedings resting upon the explicit consent and solicitation of a party in interest, because of the mere omission of formalities by him in obtaining the subject-matter of his pursuit, and with which no other party then before the court was entitled to interfere. The question of the jurisdiction of the court, or its competency to authorize the appointment of appraisers at the time, will be considered under the other and main objection raised and discussed on the counter motion of the district attorney to execute the order by delivering over the vessel to the use of the libellants.

The point most strenuously urged by the several counsel was that the prize court acquires no cognizance of a prize case except by means of a libel, which causes an arrest, in law, of the property captured, and subjects it thereafter to judicial jurisdiction. This, it appears to me, is a manifest misapprehension of the state of the matter under the jurisprudence of the United States. The prize vessel and all her cargo and papers are, in the first instance, transmitted by the officer making the capture to the charge of the judge of the district to which such prize is ordered to proceed. 2 Stat. art. 7. The standing prize rules, fully confirmed by the act of congress "relative to judicial proceedings upon captured property and the administration of the law of prize," approved March 25, 1862, place the property captured under the control of the court and its officers, until the final adjudication and disposal of it by the court. The notion, therefore, that the prerogative powers of the government can be exercised only directly by the United States in its military capacity, and not at all through the courts, cannot be supported under our laws. Those high functions are legitimately put in force by the instrumentality of the judiciary, in obtaining, through its agency, the active use of the possession of prize property, which first vests in that department. Accordingly, an order for the appraisal of captured property. and the surrender or transfer of it to governmental uses, under precautionary provisions to secure individual interests vesting in it, is palpably a judicial power, to be performed at the instance of the government, and need not, if indeed it can. be superseded or dispensed with by a direct and summary act of appropriation of the property by the executive authority.

It is not intended, in the decision of this case, to go beyond the facts directly involved in it. I accordingly hold that the order asked for by the district attorney was correctly granted by the judge, on the assent, on the part of the libellants, to his authority to make it before any party was known to have intervened in the suit; and that, no objections being established against the competency of the appraisers, or adopted and confirmed by the court, in all its terms, it be executed accordingly. This decision does not proceed upon the assumption that the judge, when out of his territorial district can, of his own option, perform functions strictly judicial. The act of appointing appraisers ex parte would be performed by an order of course, entered in the book of orders within the district, and the signature of the judge given thereto in a neighboring district does no more than authenticate the ministerial act of the officers of the court. or permit them to perform it apud acta. I think, therefore, that this objection, as made, does not invalidate the signature, as given, or the force of the order. Order accordingly.

[Subsequently a decree of condemnation and forfeiture was entered against the vessel (Case No. 9,413), which decree was affirmed upon appeal to the circuit court. Id. 9,414.]